UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENE A. ALLEN,<br><br>          Petitioner,<br>v.<br><br>JAMES G. COX, et al.,<br><br>          Respondents. | Case No. 3:14-cv-00510-RCJ-VPC<br><br>ORDER |

This is a habeas matter under 28 U.S.C. § 2254 in which petitioner Gene A. Allen, represented by counsel, alleges violations of his due process rights in his parole hearings (ECF No. 44). Respondents have filed a motion to dismiss the first-amended petition (ECF No. 55). Allen opposed (ECF No. 61), and respondents replied (ECF No. 63).

**I.    Procedural History and Background**

On September 18, 2002, Allen pleaded guilty to count 1: sexual assault of a minor under sixteen years of age and count 2: lewdness with a child under the age of fourteen (exhibit 2).[1] The state district court sentenced him to 5-20 years on count 1 and 10 years to life on count 2, to run concurrently. Exh. 9. Judgment of conviction was filed on April 7, 2003. Exh. 10.

---

[1] Exhibits referenced in this order are exhibits to the first-amended petition, ECF No. 44, and are found at ECF No. 45.

1

Relevant to the instant petition, in an order dated April 28, 2011, the Nevada Board of Parole Commissioners (BPC) denied Allen's parole until July 1, 2014.  Exh. 17.  Subsequently, in an order dated April 30, 2014, the BPC denied Allen's parole until July 1, 2017.  Exh. 18.

This federal habeas matter was transferred to this court from the United States District of Arizona (*see* ECF No. 17).  This court granted Allen's motion to appoint counsel, and Allen filed a counseled, first-amended petition on March 11, 2016 (ECF No. 44).  Respondents now argue that the petition is unexhausted (ECF No. 55).

## II.   Legal Standards & Analysis: Exhaustion, Technical Exhaustion and Procedural Default

Allen argues that the BPC arbitrarily and unreasonably denied his parole in 2014 in violation of his Fifth and Fourteenth Amendment due process and equal protection rights (ECF No. 44, pp. 3-7).  Allen alleges that the BPC used the same risk assessment and guideline that it used in 2011 to re-assess Allen in 2014, that the score was "based largely on static factors that should not have changed since the 2011 evaluation," yet he was given a higher risk score in 2014 than he received in 2011.  *Id.* at 4.  He asserts that the denial of parole in 2014 was arbitrary and violated his rights to due process and a fair hearing.  *Id.* at 6.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the

claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Allen acknowledges that his claim is unexhausted (ECF No. 44, p. 3). He argues that this court should deem the claim technically exhausted because he no longer has any effective state remedy for challenging the 2014 parole denial. In fact, Allen argues that he technically never had an available state-court remedy for his 2014 parole denial due to the prior history of his criminal case (ECF No. 61, pp. 5-8). Allen attaches more than 450 pages of state-court minutes and represents that by July 2012, he had filed at least 16 writs in state court in his underlying state case. *Id.*; exh. 24. Ultimately, the state district court enjoined Allen from filing anything further that involved his criminal conviction in the state case without first obtaining leave of the court, ordering as follows:

> The Court enjoins Defendant GENE ALLEN, or anyone acting on his behalf, from filing any action in the Eighth Judicial District Court, which arises out of or materially involves his criminal conviction in District Court Case No. CI 77427 and/or his resulting custody status, without first obtaining leave from this Court and demonstrating that the action has merit and is neither frivolous nor vexatious in nature. This order should be narrowly construed toward the purpose of preventing Defendant from perpetuating his pattern of frivolous, vexatious legal filings attacking his criminal conviction and imprisonment. Nothing in this order shall be construed to preclude Defendant from defending himself in any new civil or criminal actions brought against him as a defendant in the Eighth Judicial District Court that do not arise out of or are not materially related to his conviction in CI 77427 and/or his resulting custody status;

The court also directed:

> Leave of Court shall be forthcoming upon Defendant GENE ALLEN's demonstrating through a "Petition for Leave of Court to Permit Filing of Court Papers," that the proposed filing: (I) contains only claims, defenses, or other arguments that are warranted by existing law or by a reasonable argument for a change in existing law or a change in the interpretation of existing law; (2) does not contain allegations or information presented as fact for which evidentiary support is not available or is not likely to be

3

> discovered after further investigation; (3) does not contain a claim or defense that is included for an improper purpose, including, without limitation, for the purpose of harassing the offender's opponent, causing unnecessary delay in the litigation or increasing the cost of the litigation; (4) is not repetitive or violative of a court order; and (5) complies with Rule 11 of the NRCP.  Such a petition will be considered only if submitted first to this Court and Defendant demonstrates that the action has merit and is neither frivolous nor vexatious in nature;

Exh. 32.

The state district court clearly stated in the above order that Allen could seek leave to file an action related to his conviction or custody status if he could demonstrate that the action had merit and was not frivolous or vexatious.  This court rejects Allen's argument that there was an "absence of available State corrective process" (28 U.S.C. § 2254(b)(1)(B)) because he effectively had no state-court remedy.  Allen's federal petition is unexhausted.

Allen urges this court to conclude that the petition is technically exhausted and procedurally defaulted because if he brings a state petition it will be dismissed as time barred under NRS 34.726.  However, as this court has pointed out before, a state petitioner has the opportunity to overcome the state procedural bar of NRS 34.726 if he can demonstrate good cause as to why he did not file a timely petition and prejudice, and, with the exception of *Martinez*, Nevada's standards for cause and prejudice are virtually identical to federal standards for cause and prejudice.  *See Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); *Hazelwood v. Skolnik*, case no. 3:14-cv-00022 (D. Nev. August 8, 2016); *see also Martinez v. Ryan*, 566 U.S. 1 (2012).  Allen has not even attempted to present his claim to the Nevada Supreme Court.  This court declines to conclude that Allen's petition is technically exhausted.

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petition containing only unexhausted claims is subject to dismissal. *Id.*; *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). In the instant case, the court finds that the petition is unexhausted. Therefore, petitioner has these options:

> 1. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 2. He may file a motion asking this court to stay and abey his federal habeas petition while he returns to state court to exhaust his unexhausted claims.

With respect to the second option, a district court has the discretion to stay a fully unexhausted petition. *Mena*, 813 F.3d at 912. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond and petitioner to reply.

Petitioner's failure to file a motion for stay or seek other appropriate relief from this court will result in his federal habeas petition being dismissed. Petitioner is advised

to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### IV.     Petitioner's Motions for Withdrawal of Counsel

Finally, Allen has filed four *pro se* motions seeking to dismiss his counsel, a Federal Public Defender (ECF Nos. 66, 69, 70, and 71), and he has filed a supplemental brief to the motions (ECF No. 67). The Sixth Amendment right to counsel encompasses a right to representation free from conflicts of interest. *Lewis v. Mayle*, 391 F.3d 989, 995 (9th Cir.2004). The Sixth Amendment guarantee of counsel does not, however, guarantee a meaningful attorney-client relationship. *Morris v. Slappy*, 461 U.S. 1, 14 (1983). The Ninth Circuit has noted that if a conflict is of an indigent defendant's own making, that is if he or she sabotaged the attorney-client relationship or failed to make reasonable efforts to develop the relationship, he may still have "received what the Sixth Amendment required in the case of an indigent defendant." *Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Allen states that he is a citizen of the United Kingdom and that U.S. Immigration and Customs Enforcement (ICE) has placed a hold him (ECF No. 67). He alleges that NDOC has refused to provide him with an application to apply for conditional parole for deportation. He appears to argue that he told his counsel that the BPC assessment of his parole plan with respect to deportation violated his equal protection rights, but that counsel responded that he is not an immigration attorney. *Id.* In the same filing, Allen seems to also set forth some arguments regarding his failure to exhaust this petition.

The court first notes that the petition does indeed set forth the claim that the denial of parole violated Allen's Fifth and Fourteenth Amendment due process and equal protection rights (ECF No. 44). Moreover, the petition also set forth factual allegations regarding the BPC's evaluation of the ICE hold. In short, Allen has pointed to no conflict

with his current counsel whatsoever.  Therefore, the motions to dismiss counsel shall be denied.

### V. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 55) is **GRANTED**.  The petition is unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (2) file a motion for a stay and abeyance, asking this court to hold his federal petition in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that petitioner's *pro se* motions for withdrawal of counsel (ECF Nos. 66, 69, 70, and 71) are all **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL STRIKE** petitioner's *pro se* filing styled "Rule 5(c) Notice" (ECF No. 72), his motion to compel (ECF No. 73) and supplemental pleading (ECF No. 74) as fugitive documents.

DATED: 8 March 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE