UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GENE A. ALLEN,<br><br>                      Petitioner,<br>   v.<br>JAMES G. COX, et al.,<br><br>                      Respondents. | Case No. 3:14-cv-00510-RCJ-VPC<br><br>ORDER |

     This is a habeas matter under 28 U.S.C. § 2254 in which petitioner Gene A. Allen, represented by counsel, alleges violations of his due process rights in his parole hearings (ECF No. 44). On March 8, 2017, this court granted respondents' motion to dismiss the petition as wholly unexhausted (ECF No. 76).

     The court directed that petitioner had **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (2) file a motion for a stay and abeyance, asking this court to hold his federal petition in abeyance while he returns to state court to exhaust his unexhausted claims.

     Instead, Allen filed a notice of appeal with the Ninth Circuit Court of Appeals (ECF No. 89). The court of appeals dismissed the appeal for lack of jurisdiction on August 15, 2017 (ECF No. 88).

     Allen has now filed a *pro se* motion that he has styled as a motion to dismiss counsel (ECF No. 91). He makes the bare assertion that there "appears to be an unresolved conflict of interest," yet—as this court has stated in earlier orders—he has

1

pointed to no conflict with his current counsel whatsoever.  Therefore, the motion to dismiss counsel shall be denied.  Now that Allen's appeal has been dismissed, the court shall grant Allen—through is counsel—thirty (30) days to either voluntarily dismiss this unexhausted petition or move for a stay and abeyance.

**IT IS THEREFORE ORDERED** that petitioner's motion to dismiss counsel (ECF No. 91) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (2) file a motion for a stay and abeyance, asking this court to hold his federal petition in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 20th day of November, 2017.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE