UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GENE A. ALLEN,<br><br>　　　　Petitioner,<br>　v.<br>JAMES G. COX, et al.,<br><br>　　　　Respondents. | Case No. 3:14-cv-00510-RCJ-VPC<br><br>ORDER |

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Gene Allen alleges violations of his due process rights in parole hearings. The Court granted Respondents' motion to dismiss for failure to exhaust, giving Petitioner 30 days (until April 7, 2017) to choose a stay and abeyance or dismissal without prejudice and warning him that failure to timely comply could result in dismissal. Petitioner failed to comply. Instead, he appealed. The Court of Appeals dismissed for lack of jurisdiction. Petitioner also filed several other motions and letters, including a *pro se* motion to dismiss appointed counsel, which the Court denied because Petitioner had identified no conflict of interest. In that order, the Court again ordered Plaintiff to choose a stay and abeyance or dismissal without prejudice within 30 days (by December 20, 2017), again warning him that failure to timely comply could result in dismissal. He again failed to comply. Rather, on December 14, 2017, he filed a *pro se* motion asking the Court to adjudicate the Petition. Petitioner's counsel (the Federal Public Defender's Office) has filed a declaration, explaining that it has mailed the Court's latest order to Petitioner but that he has refused to communicate with the office. Petitioner has filed a *pro se* reply

1

stating, "Mr. Allen will proceed no further with the representation of the FPD." He has also filed what appears to be a motion to strike the First Amended Petition. This shows that Petitioner is aware of the Court's order (the second such order) requiring him to choose between dismissal without prejudice or a stay and abeyance. Yet he has neither identified any choice to the Court directly (in any of his several *pro se* filings) or via his appointed counsel.

The Court dismisses the case for failure to prosecute. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss for one of these reasons, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53. Here, the Court finds that the first two factors, the public's interest in expeditiously resolving

2

this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. Petitioner has twice over the last year completely ignored the Court's instructions to choose between dismissal without prejudice or a stay and abeyance. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The delay here has been unreasonable. There is no basis for Petitioner to delay making the only choice he has, and he claims no reason for the delay. The delay has been the result of Petitioner's flagrant disobedience of the Court's orders. And he further delayed the proceedings unreasonably by filing a frivolous interlocutory appeal. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. Although the Court could have dismissed after Petitioner's first failure to comply, the Court gave him a second chance, along with a second warning, and he ignored the Court's order again.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judicial Action on Petition (ECF No. 93) and the Motion to Strike (ECF No. 97) are DENIED.

IT IS FURTHER ORDERED that the action is DISMISSED for failure to obey the Court's orders. (*See* ECF Nos. 76, 92).

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

Dated this 24th day of April, 2018.

_____
ROBERT C. JONES
United States District Judge

3